UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC MARCHIOLI,<br><br>    Plaintiff,<br><br>    v.<br><br>PRE-EMPLOY.COM, INC., EISENHOWER MEDICAL CENTER, and DOES 1 THROUGH 10,<br><br>    Defendants. | No. 2:16-cv-01195-MCE-AC<br><br>**MEMORANDUM AND ORDER** |

On May 23, 2016, Plaintiff Marc Marchioli filed a class action complaint in this Court against Defendants Pre-Employ.com, Inc. ("Pre-Employ"), Eisenhower Medical Center ("EMC"), and Does 1 through 10, alleging that Defendants violated certain requirements of the Fair Credit Reporting Act ("FCRA"), 15 USC § 1681a et seq., thereby also violating California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq.  2:16-cv-01115-MCE-AC, ECF No. 1.  On June 1, 2016, Plaintiff filed an individual complaint against the same Defendants for violations of the FCRA, as well as for breach of contract, promissory estoppel, breach of the covenant of good faith and fair dealing, intentional interference with contractual relations, intentional infliction of emotional distress, intentional and negligent interference with prospective economic relations, and violation of Labor Code § 1198.5.  2:16-cv-1195-MCE-AC, ECF No. 1.  On

August 22, 2016, this Court issued an order relating the cases. Id. at ECF No. 6. On November 3, 2016, this Court granted Defendant EMC's Motion to Transfer Venue, transferring venue in the class action to the Central District of California. 2:16-cv-01115-MCE-AC, at ECF No. 34.[1]

Presently before the Court is Defendant EMC's Motion to Transfer Venue in Plaintiff's related individual case. ECF No. 14. For the reasons set forth below as well as in this Court's previous order transferring venue in Plaintiff's class action, EMC's present motion is GRANTED.[2]

## STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of Section 1404(a) is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (internal quotation marks omitted). On a motion to transfer venue, the moving party must make "a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." Hope v. Otis Elevator Co., 389 F. Supp. 2d 1235, 1243 (E.D. Cal. 2005) (quoting Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir.1986)). The Court has discretion in deciding whether such transfer is warranted based on an "individualized, case-by-case consideration of convenience and fairness." Van Dusen, 376 U.S. at 622.

///

---

[1] That order also denied without prejudice EMC's Motion to Dismiss (ECF No. 8) and Motion to Strike (ECF No. 11), Pre-Employ's Motion to Dismiss (ECF No. 16), and Plaintiff's Ex Parte Application for Order Compelling Defendants to Participate in Discovery (ECF No. 29).

[2] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefing. E.D. Cal. R. 230(g).

2

Once the court determines a case could have been brought before the proposed transferee court, it must consider a number of private and public factors relating to the interests of the parties and the judiciary. For example, the Court may consider: (1) the plaintiff's choice of forum, (2) the respective parties' contacts with the forum, (3) the contacts relating to the plaintiff's cause of action in the chosen forum, (4) the differences in the costs of litigation in the two forums, (5) the availability of compulsory process to compel attendance of unwilling non-party witnesses, (6) the ease of access to sources of proof, (7) the complexity of the governing law, and (8) other factors that, in the interest of justice, impact the convenience or fairness of a particular venue. Jones v. GNC Franchising, Inc., 211 F.3d 495, 498–499 (9th Cir. 2000).

**ANALYSIS**

As in the related class action, the parties do not dispute that Plaintiff Marchioli could have brought his claims in the Central District. The Court therefore turns to the factors identified above. Rather than focusing equally on all potentially relevant factors, however, the Court incorporates its previous analysis here and limits its present analysis to those factors that are of particular significance in Plaintiff's individual case.

Were the Court to consider this motion separate and apart from EMC's motion to transfer venue in the related class action, transfer would nevertheless be appropriate under 28 U.S.C. § 1404(a) and the factors set forth in Jones, 211 F.3d at 498–499. As in the related class action, while the factor of convenience of the witnesses appears to be neutral, and thus does not tip in favor of transfer, the convenience of the parties tips in favor of transfer because: (1) the Plaintiff's choice of forum is given less weight where he resides outside of the selected forum and both venues are therefore equally inconvenient to Plaintiff; and (2) the only party likely to be inconvenienced by transfer—Defendant Pre-Employ—has expressed its consent.[3] In addition, the facts surrounding

---

[3] Plaintiff correctly argues that Defendant EMC cannot rely here on the diminished weight given to

the majority of Plaintiff's individual claims reveal Plaintiff's direct contacts with the Central District, tipping this factor further in favor of transfer.

Additionally, as this Court had previously determined in connection with the related class action, even though access to sources of proof and the public's interest in the litigation are both neutral to transfer, the interests of justice overall tip in favor of transfer because the Central District is less congested than the Eastern District.  See 2:16-cv-01115-MCE-AC, ECF No. 34 at 8–10.  Here, judicial economy weighs even more heavily in favor of transfer because Plaintiff's class action will now be heard in the Central District.  Judicial economy and efficiency would certainly be served by transferring Plaintiff's individual case to the Central District, which has already or will soon commit resources to the adjudication of Plaintiff's related class action.  See Anderson v. Michaels Stores, Inc., 2014 WL 1613952, Case No. 14-cv-0500-WBS-EFB (E.D. Cal. April 22, 2014) (noting that "the interest of justice can be decisive" and "an important consideration in determining whether the interests of justice dictate a transfer of venue is the pendency of a related case in the transferee forum") (internal citations and quotation marks omitted).  This fact alone would warrant transfer to the Central District.[4]

///
///
///
///
///
///
///

---

Plaintiff's choice of venue in putative class actions as it did previously.  Nevertheless, this factor still tips in favor of transfer, as do the interests of justice, discussed below.

[4] The Court is not convinced that Defendant EMC's prominence in the community will influence Plaintiff's ability to obtain a fair trial in the Central District, as Plaintiff claims.  See Pl's Op. to Mot. (ECF No. 27) at 14.

4

**CONCLUSION**

For the foregoing reasons, Defendant EMC's Motion to Transfer Venue is GRANTED. The Clerk of the Court is directed to transfer this case to the United States District Court for the Central District of California.

IT IS SO ORDERED.

Dated: February 21, 2017

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE